By the Court.—Speir, J.
The only facts in controversy relate to the assignment of the judgment to Hutkoff. The appellant Arnstein claims that the assignment to him was colorable only—that Goldman furnished the money to keep the judgment alive and to enforce it against Arnstein.
I am of the opinion that the court below justly decided that the weight of evidence sustained the validity of the assignment. The burden was upon the appellant to show affirmatively that the transaction *381 was collusive. The strength of his application for relief greatly depends upon the allegation of bad faith on the part of his co-defendant and Hutktiff, as his moving papers disclose no defense to the action should he succeed in securing the favor of the court in permitting him to come in and defend. It is not claimed but that he became liable as surety, or that he has paid anything in satisfaction of his liability. Upon the decision of this controverted question of fact, the court on appeal has no ground to interfere.
The question is whether the sureties are liable upon the undertaking upon the appeal from the judgment against Caroline Pollock to the general term of this court. After reciting that she intended to appeal to the general term, the sureties ‘‘ undertook that the said appellant will pay all costs and damages which may be awarded against her on said appeal, not exceeding five hundred dollars, and also undertook, that if the said judgment so appealed from, or any part thereof, be affirmed, or the appeal be dismissed, the said appellant will pay the amount directed to be paid, &c.”
As surety upon this undertaking Arnstein became liable absolutely by the very terms of the undertaking when the judgment below was affirmed by the general term." His papers make the admission that he is liable to the holder of the judgment for the full amount. He may recover the whole amount of any sum, which may be collected of him from his principal Pollock.
The only equities which arise in the case relate to the equitable right of contribution. If he pay more than the proportionate share, he can demand contribution of his co-sureties. Therefore the appellant’s position that the release of the sureties on the first undertaking by paying one-half of the judgment operated to dis *382 charge the appellant from all liability has no foundation in law.
It was also objected that the undertaking on appeal, not having been in the form prescribed .by the code, did not stay the .proceedings on the execution, and created no liability, not being supported by the statutory consideration. > The omission, upon which the objection is founded, is that of a clause binding the sureties to obey the order of the appellate court. Otherwise the undertaking is regular. The appellant’s surety in his oath avers that he executed this undertaking “to stay all proceedings on the said judgment.” It was accepted and all proceedings were accordingly stayed. I am inclined to think that it is too late to raise this objection.
It would be grossly unjust to allow the appellant to escape from his obligation, voluntarily given, and which has been accepted and accomplished the purpose for which it was given, on the sole ground of .technical defects and informalities which he himself has committed.
The order must be affirmed with costs.
Sedgwick, J., concurred.